The City of Bloomington v. Dennis Colburn. We have for the appellant, Howard Toplinski, and for the appellate, George Boyle. Mr. Toplinski, may I put you in your name? May it please the court. Your Honor, my name is Howard Toplinski, and I represent the defendants' appellants in this case. Your Honor, this is a case that boils down to what is the redress for a party whose attorney essentially consents to a judgment on their behalf without their knowledge, without their authorization, and what's the proper procedure to go about redressing that? In this case, Your Honor, my clients were cited for various housing code violations in the City of Bloomington. In February of 2008, I won't go through the whole record, the attorney who was representing them at the time walked into court with opposing counsel and said, you know, we're going to consent to a judgment here, at least admit to liability and admit to ownership. We'll go ahead and present the court with an agreed order to that effect sometime down the road in about a month. That's exactly what happened. From that moment forward, my clients were stripped of their ability to defend the case, certainly on liability grounds, and at least with respect to Dennis Colburn, a very important issue was waived in that case, and that was to whether or not he was an actual owner of the property pursuant to the statute under which he was being cited. Have you sued the attorney? Not yet, Your Honor. Not yet. Candidly, we believe that the more prudent route at this point in time is to pursue the remedies through this court, hopefully obtain a reversal and a remand to the trial court and let these issues be presented to the trial court on a full and complete record so that the substance of the case can actually be heard. Your Honor, we think that this case falls squarely within the Supreme Court's opinion in the Brewer case. When a settlement occurs in open court, yes, the counsel's authority is presumed, but that authority, there's a rebuttable presumption, and that presumption is rebutted by affirmative evidence that the client didn't authorize the settlement, didn't know about the settlement, and that's exactly what happened. In the 2-1203 petition that was filed post-trial, the verified petition of Mr. Colburn said, we didn't authorize the settlement, we didn't know that our defenses to this case were being stripped away, and I haven't owned this property individually since 2003, I'm a member of an LLC here. There was no reason to impose any liability on Mr. Colburn whatsoever in this case. The other defendants were certainly stripped of their ability to defend on the merits of the various violations by virtue of the March 2008 essentially consent order admitting liability. Counsel, why was there no transcript of the hearing or bystanders report prepared? Your Honor, I can't really speak to that. I was not involved in the lower court. My understanding is there was no transcript of the hearing actually done at the 2-1203 hearing, and yes, candidly, there was no bystanders report. But for purposes of the record, I think more important is there was no response filed to the petition. The only thing that's out there, Your Honor, is my client's verified petition saying, I never authorized this attorney to do any of this. I didn't know about it, I didn't authorize it, I didn't consent to it, and by the way, I haven't been an owner of this property since 2003. Here is a recorded copy of a deed, which by the way, we were trying to find all throughout the proceedings. And the irony of all of this is that the deed that evidenced that the property had been conveyed from Dennis Colburn individually in 2003 to this LLC was prepared by Mr. Bugg, the attorney that represented them in the building court case. Yes, there's a presumption that Mr. Bugg had the authority to do what he did. There's no dispute about that, but it's a rebuttable presumption, and in this case, it was rebutted by a verified and uncontested petition. When did Mr. Dennis Colburn first find out that liability in some fashion had been contested? It wasn't the case where he was aware of what had happened in March and sat back and allowed the following year-plus events to unfold and allowed himself, with the knowledge that he didn't even own this property, to have a potential of a $65,000 or more judgment entered against him simply because he was a member of the LLC that was the actual owner of the property. And counsel talks about estoppel in this case because the 1203 petition wasn't filed until approximately 15 months after that March 2008 order was entered. Estoppel really isn't what this case is about. It's about whether or not Mr. Colburn rebutted the presumption and whether or not there was evidence presented that would discount the uncontested, verified assertions that Mr. Colburn made in his petition. And there was not. There was not. The cases that the police cited in his brief to show that, well, this litigant's motion to vacate was denied because they waited two months and this litigant's motion was denied because they waited four months, there was no witness test for time in each of those cases. There was an evidentiary hearing held where people were put under oath and there were things discovered, like in the Mass Tort case, that the insurance company that was trying to avoid the settlement had actually started paying hundreds of these claims and then they came back and argued that they didn't know about the settlement. You can understand why their motion in that case was denied to set aside that settlement. There was one of the cases in the petition case that was cited by the police where the client was literally standing silently by next to his counsel while counsel presented the settlement in court and did nothing and said nothing and later came back and said, wait a second, I didn't agree to that. The other case involved, I believe it was the Chappo case versus Tires and Trucks, involved a case where the president of the company had signed off on a settlement the day that it was entered. He knew about the case. There was post-trial discovery done in that case and a full evidentiary hearing to find out who knew what and when did they know it in order to address the rebuttable presumption that the attorney didn't have authority to do that. None of that happened in this case. The only thing that happened post-trial was my client's unrebutted petition that says, I didn't know about any of this. I didn't authorize it and I don't own this property and I haven't owned this property since 2003. It just seems that fundamental fairness and justice would dictate that at a minimum the court could have held an evidentiary hearing. It chose not to, but in the face of an unrebutted affidavit, the court could not have reasonably found and had to have used its discretion in finding that Mr. Coburn didn't carry his burden. In their response, the appellee has never argued that Mr. Coburn must have authorized this. He must have known about it. What they've said was, well, he waited a very long time to bring it to the court's attention. They've also never argued, in light of this 2003 deed that was put before the court, that he falls within the definition of owner under the statute. What they've done is they've cited a case that says, well, a member of an LLC can be held liable for certain violations of certain statutes. I absolutely agree with that. Just not this one. This statute in particular is very specific as to who's considered an owner for purposes of liability. All we have here is an individual who filed an unrebutted affidavit that says, I haven't owned it, I'm not a beneficiary of a land trust, I'm a member of an LLC, I've had no control over this property. That's all we have here. Based on that finding, it's completely unjust for a judgment, a money judgment, to have been entered against Dennis Coburn, certainly, in light of the fact that the basis of all of that was the fact that his own counsel stripped him of all of his defenses without his knowledge or without his consent. Unless the court has any further questions, that's all I have. Thank you. Mr. Blunt. Good morning. May it please the court. The record doesn't warrant reversal. This court correctly found in Webster v. Hartman, cited on page 9 of our brief, and was affirmed by the Supreme Court in finding that where there is not a report of proceedings or a bystander's report, the trial court will be presumed to have had a sufficient basis in law and fact to support its decision. Fifteen months after the settlement agreement was entered into, Mr. Coburn, Dennis Coburn, files a verified petition and says that he didn't give authority to his former attorney to enter into the settlement agreement. A hearing is had on that, and I submit that if you compare the docket entry from that hearing on July 20th, the hearing on the petition for relief from judgment, with the one that's in the case of Webster v. Hartman, except for the names of counsel, they're just about verbatim the same. The presumption has to be similar. The trial court did know what was going on. The trial court repeatedly found in favor of this agreement, and that was because the trial court was aware and cognizant of the facts, many of them in the record, some of them not in the record, but it's the appellant's burden to provide the record. There could have been a bystander's report prepared when this case went up to appeal. There was not. What's the downside to us, to the city? There's really a few things about this that need to be thought about. Essentially, this is an occupied property. You'll see in the record on pages 36, 37, 38, leases for the property. There were 21 violations. Some of them, you know, of varying degrees of seriousness. Some of them were problems with, say, the shower, you know, the surrounding shower, relatively de minimis. But some of them were exposed wiring. Some of them involved water from the boiler to the heater, drinking water mixing with water from the boiler. You can see those in the ones from 22 or 23 having to do with valves and plumbing and fixtures being capped. These were life, safety, and health things. It is important that those who benefit from renting property be held accountable for the condition of that property. So what did we do? We got to court. I'll stay within the record and simply state that the fact that we entered into an agreement with Mr. Bugg, a defendant's counsel, that required certain things to be done by a date certain, a sentencing date, should at least imply to this court that there was some communication going on between Mr. Bugg and his clients. One of whom, Mr. Andrew Colburn, by the affidavit of our housing inspector on page 39 of the record, indicates, I'm sorry, her affidavit supports that. He lived next door to the subject premises. We gave them six weeks to make repairs. Why? Because it's important that these things be done. Perhaps more important than the fine. The fine has a deterrent effect, but it was important that these things be done. And the date certain for a sentencing was a carrot and a stick, if you will. With respect to the verified petition for relief from judgment, our position with respect to that is it was too little and too late. A stop is a problem for us to claim to some degree, because the verified petition doesn't say when Mr. Colburn found out, how he found out, why he wouldn't know for 15 months or 18 months. And I hope, I don't, you know, this has been a frustrating case to litigate, because suddenly 15, 18 months into it, there's a claim, we didn't know it was happening. I think that's the reason for the rule in the Webster v. Hartman case. We can't demonstrate a negative to something we don't know is going to be claimed until the very end of the litigation. And then we would have to prove when or how he knew. I would submit that when someone comes in at the end of litigation and says they didn't know, they should at least have to say when they found out. They should at least have to say how they found out. Perhaps attaching correspondence or something like that. And why they didn't know until further in the litigation. I have a question about the affidavit of John McLaughlin. He says Andrew Colburn recently found a copy of the recorded deed that shows that the property was deeded from Dennis Colburn to Ed Colburn, LSC. So does that mean this deed was recorded and that's where they found it and it was available for everybody involved? You know, this is something I've wondered about. Why would it take that long to find a recorded deed? That's why they record deeds, isn't it? I don't mean to sound sarcastic with the court. I felt sarcastic somewhat towards that position. It's also been our position from the litigation, and I don't know if that answers your question. Is it a record that it is a recorded deed? It is a record that they presented that recorded deed. I don't know that there's been a finding one way or the other on that. There's also a recorded deed that Dennis executed that's in the record. Dennis Colburn executed in December of 2007, and we don't dispute that. But whether that deed, and we made this point in our response to their first motion to dismiss, whether the deed was recorded or not, Dennis could still be an owner within the meaning of Section 202 of the International Property Maintenance Code. Because that provides for any person, agent, operator, firm, or corporation having a legal or equitable interest in the property, or otherwise recorded in the state, county, or municipal records as having legal or equitable title to the property, or otherwise having control of the property. Any one of those things could make Dennis an owner. So the finding of a deed that was recorded, or the recording of a deed prior to 2004, is not in and of itself dispositive of the issue of ownership. With respect to the petition's effect on defendant Andrew Colburn, it seems that the verified petition of Dennis Colburn is rather all essentially hearsay. I don't know their family members. I don't know how much one family member knows what the other person has done with respect to talking to their counsel, what they found out from their counsel, and so on. I'd submit it's hearsay, and there's not really a basis for any finding with respect to Andrew, even if the court were to find that somehow Dennis Colburn's verified petition was substantial enough to overcome the presumption that his counsel spoke for him in the agreement. Thirdly, the third point, and I've touched on it earlier, that I want to make is that this case involves public health and safety. It involves enforcement of codes that affect people's lives. And it is important that those who rent rental property be held accountable for the condition of that property. We would be prejudiced in having to litigate an old case using, I mean these tenants have moved by now, so they won't be able to be called for with respect to some of the damages and so on. There have been a lot of changes with respect to various aspects of government since that time. We'd have to have the inspectors back, we'd have to have, it's two years old, the testimony would be older, public resources that are best used towards litigating 2010, towards preventing things, towards working on things that are current, would have to go back three or four years to re-litigate this matter. We don't think that that would be, you know, it would be an unfortunate use of the public resources. And we don't think that that's a message, we're hoping it's a message that the court won't be sending by decision in favor of the defendants. Mr. Boyle, do I presume correctly that the reason the fine is so large is that the Coburns, one or the other or both or the LLC or whoever managed the property didn't do what they were supposed to do in a timely fashion? That's correct, and that's the substance of the agreement, or a good part of it. For at least 77 days, absolutely nothing was done with respect to repairing the premises. Those 77 days being from the date that counsel for the defense entered his appearance on their behalf to February 13th, the original date of 2008, the date that was originally set for trial. Nothing had been done. If there's no further questions, I'll simply ask for an order from this court confirming the trial court's judgment. Thank you for your time. Thank you, Mr. Boyle. Mr. Tipinski, rebuttal. Thank you. Of course, we're wary of the public safety and health concerns here. I wouldn't be standing here saying that my client should be treated any differently in this respect than anyone else, but the fact is that if it was wrong from the start, and from the start I'm talking about February of 2008, it's wrong as we sit here now. And the whys and wherefores we believe should have been redressed at the trial court. The fine is so large, Your Honor, because these fines are statutory per violation per day, and the 77 days that Mr. Boyle is speaking of is the day, I believe, from the filing of the complaint to that February 2008 day. The problems were remedied. The implication that counsel raised was that the problems were remedied because somebody, maybe Andrew Colburn, must have known that he had agreed to go ahead and do all of these things, or that he had agreed to the entry of a judgment stripping himself and his father of their defenses. It's easily as reasonable to presume that the conversation between Attorney Bugg and Andrew Colburn was, you've got this complaint that you're facing, you better get these things done. And that's what was done. Dennis Colburn, and there's nothing contradicting that in the record, had any involvement in any of that except that he's got the luxury of having a $65,000 price tag attached to it at this point. As far as the record is concerned, we believe that it is adequate. No, we don't have a transcript of what occurred during the argument in July of 2009 on the 1203 petition, but what is in the record is uncontradicted. And there were no witnesses called. We know that. There were no witnesses called to go ahead and propose any contrary evidence to the record. Is it possible that the trial judge simply said, this is a 2004 deed, it was reported, you should have brought this up before? Well, it was brought up before. It was brought up before in the record, and procedurally this case was a mess. After the March 2008 order was entered, essentially falling on the sword but reserving everything for sentencing, following that, counsel located the deed, filed a 2-1401 petition to vacate the agreed judgment order that was entered, and the trial court said, well, there hasn't been a final judgment entered here yet, so the 1401 petition isn't timely, so I'm denying it is moot. But the deed was in front of the court, Your Honor. It's possible that the trial judge said that. But what that doesn't do is, Your Honor, it doesn't change the underlying problem here that Dennis Colbert never belonged here as it turns out in the first place. And if you have any other questions, I'll be happy to answer them. Thank you very much.